Louis L. Friedman, J.
Petitioner, an inmate of Dannemora Prison, New York, brings this proceeding in person for an order directing the Police Department of the City of New; York to furnish him with certain records relating to petitioner’s arrest on January 19, 1951. The arrest took place in Brooklyn, New York. Petitioner at that time had been driving an automobile and was stopped by two detectives who, after ordering petitioner and his passenger out of the said automobile, searched it and found a revolver therein. Petitioner was charged with illegal possession of this revolver as a felony, was tried, convicted, and sentenced to a term of 10 to 20 years. Petitioner now contends that his arrest and the evidence upon which his conviction was founded were based upon an illegal search and seizure and that the recent decision of the United States Supreme Court in Mapp v. Ohio (367 U. S. 643) so holds. He wants the Police Department records for the purpose of showing the circumstances under which the arrest took place and for the apparent purpose of presenting a later petition to the court in which he was convicted to set aside such conviction. The arrest and conviction took place about 10 years ago, and the Court of Appeals in New York had occasion recently on November 30, 1961, to decide whether this determination by the Supreme Court of the United States could affect a conviction made prior to the time when the Mapp (supra) decision became the law of the land. In People v. Loria (10 N Y 2d 368, 370) the court said: “ In Mapp, however, the Supreme Court overruled its former holdings * * * and announced a new rule * * * — for the first time — that evidence obtained by search and seizure in violation of the Fourth Amendment, made applicable to the States through the due process clause of the Fourteenth, is inadmissible in a State court. There can be no doubt that it is the duty of State courts to follow the Mapp holding in all.trials taking place after- June 19, 1961.” (Emphasis supplied:) There' seéins to be. no doubt that the Court of Appeals has limited the application of the Mapp doctrine to future prosécutions and to .pending appeals where the judgment of conviction" has not yet become final. It has specifically held against *103 permitting the Mapp - determination to have any retroactive effect. Under ;the circumstances, the granting of this motion would give the petitioner no relief, while at the same time casting an undue burden upon the already overburdened Police Department of the City of New York. Accordingly, - the application is in all respects denied. The Corporation Counsel of the City of New York, who opposed this motion on behalf of the Police Department, is directed to prepare an order in conformity with this decision and to serve a copy thereof and of this decision upon the petitioner with all reasonable speed.